UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-62003-CIV-DAMIAN

**LORENZO SANCHEZ**,

       Petitioner,

v.

**FLORIDA DEPARTMENT OF CORRECTIONS**,

       Respondent.
_____/

## ORDER ON PETITION FOR WRIT OF *HABEAS CORPUS*

**THIS CAUSE** is before the Court upon Petitioner, Lorenzo Sanchez's ("Sanchez" or "Petitioner"), proceeding *pro se*, Petition for Writ of *Habeas Corpus* ("Petition"), filed pursuant to 28 U.S.C. § 2254. [ECF No. 1]. In the Petition, Sanchez attacks the constitutionality of his convictions and sentence entered in the Seventeenth Judicial Circuit in and for Broward County, Florida, in *State of Florida v. Sanchez*, No. 21-000265CF10A (Fla. 17th Cir. Ct. 2021). The State of Florida ("State") filed a Response [ECF No. 10 ("Response")] to the Petition pursuant to this Court's Order to Show Cause [ECF No. 8], along with a supporting appendix [ECF No. 12] and state court transcripts [ECF No. 11]. Petitioner filed a Reply. [ECF No. 14 ("Reply")]. The Petition is now ripe for review.

THE COURT has considered the Petition and the above-referenced filings, the pertinent portions of the record, and relevant legal authority and is otherwise fully advised. For the reasons that follow, the Petition is denied.

## I. BACKGROUND

### A. *The Charges*

On May 1, 2014, the State charged Sanchez with attempted first-degree murder and felon in possession of a firearm. [ECF No. 12-1 at 4–5].

### B. *Trial and Sentencing*

Sanchez proceeded to trial. [ECF No. 11, Trial Transcripts, hereinafter, Tr. at ___]. Sanchez represented himself at trial. [ECF No. 12-1 at 31–44]. The jury found Sanchez guilty of both counts. *Id.* at 243–55. The trial judge sentenced Sanchez to life in prison for the attempted murder count and fifteen years for the felon in possession of a firearm count. *Id.* at 245, 248.

### C. *Direct Appeal and Collateral Proceedings*

Sanchez filed a direct appeal in Florida's Fourth District Court of Appeal ("Fourth DCA"). *Id.* at 287–88. On appeal, Sanchez alleged eight trial court errors: (1) denial of his discovery objections to the victim's police statements and lab reports, Dr. Kikhudt's disclosures as a medical, bullets, and ballistics expert, and Detective Plaska's testimony; (2) denial of Petitioner's special jury instruction that the State must prove that Petitioner's killing of the victim was not justifiable or excusable; (3) denial of Petitioner's motion to suppress; (4) striking a juror for hardship; (5) limiting the cross examination of Mr. Schaefer; (6) consideration of Petitioner's lack of remorse at sentencing; (7) comments to the jury regarding the firearm count; and (8) trial by a six-person jury. [ECF No. 12-2 at 2–74]. On March 16, 2023, the Fourth DCA *per curiam* affirmed without written opinion in *Sanchez v. State*, 358 So. 3d 419 (Fla. 4th DCA 2023).

Sanchez returned to the state trial court on April 12, 2023, by filing a Motion for Postconviction relief under Florida Rule of Criminal Procedure 3.850. *Id.* at 192–203. In that Motion, Sanchez raised two grounds for relief:

(1) A *Gilglio* claim that the prosecutor knowingly used perjured testimony from the victim and eyewitness Hanes when they testified how many times the victim was shot and the locations of the bullet wounds; and

(2) trial counsel was ineffective for failing to call Petitioner to testify at the motion to suppress hearing to establish standing to contest Petitioner's arrest.

During the pendency of his Rule 3.850 motion, Petitioner filed a motion to vacate his conviction for being a felon in possession of a firearm by challenging the charging document in the 2005 drug case that rendered him a convicted felon. *Id.* at 205–07.

The trial court denied all of Sanchez's claims with prejudice. *Id.* at 217–22. Sanchez moved for rehearing. *Id.* at 224–29. The court denied the motion because Sanchez failed to present anything the trial court "overlooked or misapprehended." *Id.* at 159. Sanchez twice appealed, which the Fourth DCA consolidated into a single appeal. *Id.* at 161–99. On July 3, 2024, the Fourth DCA *per curiam* affirmed without written opinion and without requiring a response from the State. *Id.* at 200; *see also Sanchez v. State*, 390 So. 2d 17 (Fla. 4th DCA 2024).

### D. The Instant Petition

On October 15, 2024, Sanchez initiated the instant proceedings under Section 2254. *See* Petition. Construing the Petition liberally, consistent with *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), Sanchez presents the following claims for relief:

> **Claim One**: The government suppressed statements of Willard Robinson that were exculpatory to the defense, contrary to *Brady v. Maryland*, 373 U.S. 83 (1963). Petition at 4.

3

**Claim Two**: The government suppressed scientific and medical evidence and export reports, contrary to *Brady*. *Id.* at 8.

**Claim Three**: The government suppressed the police report of Detective Dennis Plaska, contrary to *Brady*. *Id.* at 11.

**Claim Four**: Violation of Fourth Amendment when trial court denied Petitioner's motion to suppress because Petitioner was arrested without an arrest warrant. *Id.* at 14.

**Claim Five**: Violation of the Sixth Amendment right to confrontation and Fifth and Fourteenth Amendment due process rights when trial court limited Petitioner's cross-examination of a witness. *Id.* at 18.

**Claim Six**: Violation of Fifth and Fourteenth Amendment due process rights when trial court denied Petitioner's requested jury instruction. *Id.* at 20.

**Claim Seven**: Violation of the Sixth Amendment when Petitioner was tried by a six-person jury. *Id.* at 21.

**Claim Eight**: Ineffective assistance of counsel for failing to call Petitioner at the motion to suppress hearing regarding Petitioner's warrantless arrest. *Id.* at 21.

**Claim Nine**: The government knowingly used perjured testimony, contrary to *Giglio v. United States*, 405 U.S. 150 (1972). *Id.* at 23.

**Claim Ten**: Violation of the Fifth, Sixth, and Fourteenth Amendments on grounds Petitioner was convicted of felon in possession of a firearm because the underlying felony conviction was based on an erroneous information. *Id.* at 34.

This Court addresses Petitioner's claims for relief in turn below.

## II. EXHAUSTION AND STATUTE OF LIMITATIONS

The State asserts that the Petition appears to be timely as to Claims One through Nine but argues that Claim Ten is time-barred. Response at 5. The State further asserts that Claims One through Six and Ten are unexhausted. *Id.* at 7. The Court considers each below.

### A. *Legal Standard As To Exhaustion.*

Petitioner's federal habeas case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996). *See also Abdul–*

4

*Kabir v. Quarterman*, 550 U.S. 233, 246 (2007); *Davis v. Jones*, 506 F.3d 1325, 1331 n.9 (11th Cir. 2007). "AEDPA limits the scope of federal habeas review of state court judgments . . . ." *Pittman v. Sec'y, Fla. Dep't of Corr.*, 871 F.3d 1231, 1243 (11th Cir. 2017) (citing *Williams v. Taylor*, 529 U.S. 420, 436 (2000)). "The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016) (quoting *Greene v. Fisher*, 565 U.S. 34, 38 (2011)).

"Habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (citing 28 U.S.C. § 2254(b)(1) and *Kelley v. Sec'y for Dept. of Corr.*, 377 F.3d 1317, 1343 (11th Cir. 2004)). "In order to be exhausted, a federal claim must be fairly presented to the state courts." *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "It is not sufficient merely that the federal habeas petitioner has been through the state courts . . . ." *Kelley*, 377 F.3d at 1343–44 (citing *Picard*, 404 U.S. at 275–76, and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). "Rather, in order to ensure that state courts have the first opportunity to hear all claims, federal courts 'have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.'" *McNair*, 416 F.3d at 1302 (quoting *Picard*, 404 U.S. at 275). "While [federal habeas courts] do not require a verbatim restatement of the claims brought in state court, [they] do require that a petitioner presented his claims to the state court 'such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation.'" *Id.* (citing *Kelley*, 377 F.3d at 1344–45); *see also McNair*, 416 F.3d at 1303 ("We therefore hold that '[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" (quoting *Kelley*, 377

F.3d at 1345)). Importantly, "the petitioner must make the state court aware that the claims asserted present federal constitutional issues. 'It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.'" *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) (citing *Anderson*, 459 U.S. at 5–6; *see also Duncan v. Henry*, 513 U.S. 364, 366 (1995) ("Respondent did not apprise the state court of his claim that the evidentiary ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment.").

In order to properly exhaust a claim in state court, the habeas petitioner must also raise his federal claim in the state court system in the manner and at the time dictated by the state's procedural rules. *Marshall v. Dunn*, 497 F. Supp. 3d 1124, 1140 (N.D. Ala. 2020). If "a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review." *Cone v. Bell*, 556 U.S. 449, 465 (2009). If the petitioner fails to do so, the federal habeas court must dismiss claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims, *see e.g.*, *Harris v. Reed*, 489 U.S. 255, 265 (1989), or (2) are not exhausted but would clearly be barred if returned to state court. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). *See also Raleigh v. Sec'y, Fla. Dep't Corr.*, 827 F.3d 938, 957 (11th Cir. 2016) (holding that a claim is procedurally barred "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present [the claim] in order to meet the exhaustion requirement would now find the claim[] procedurally barred") (quoting *Coleman*, 501 U.S. at

735 n.1). Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).

### B. Discussion As To Exhaustion.

1. <u>Claims One Through Three</u>

Claims One through Three were raised as discovery violations and trial court error under Claim I in Petitioner's direct appeal: "The court erred in its rulings as to the state's many failures to make timely discovery, and the lack of procedural prejudice does not affirmatively appear in the record." *See* ECF No. 12-2 at 29–50. Petitioner headed Claim I on direct appeal as "THE COURT ERRED IN OVERRULING APPELLANT'S DISCOVERY OBJECTIONS." *Id.* at 29. Petitioner alleged that:

> The record shows repeated instances of late discovery by the state. The court overruled Appellant's objections without complying with the legal requirements for disposition of discovery issues. The record does not show the absence of procedural prejudice beyond a reasonable doubt. The conviction should be reversed.

*Id.* at 29.

On appeal, Petitioner alleged Claim One as "WR's police statement and the lab report." *Id.* at 35. Petitioner also alleged that the state failed to timely disclose the taped testimony of Willard Robinson, the victim. *Id.* at 35–38. And Petitioner argued that the trial court erred when it found "there is no Discovery Violation." *Id.* at 36; Tr. at 400. Despite four pages of alleged trial court errors, Petitioner failed to make any reference to the Constitution in his direct appeal. *See* ECF No. 12-2 at 35–39. Thus, Petitioner failed to present Claim One to the state court, and it is therefore unexhausted.

Petitioner alleged Claim Two as "The bullets and the ballistics expert" in his direct appeal. *Id.* at 42. Petitioner argued that various trial court errors and discovery violations related to the State's ballistic expert. *Id.* at 42–47. Petitioner's only reference to constitutional

7

claims was in paraphrasing his own testimony to the trial court. *Id.* at 43 ("[Petitioner] alleged violations of the discovery rule, due process, the Fourteenth Amendment, Article I, Section 9 of the state constitution and *Brady*."). Petitioner's paraphrasing his own passing references to the trial court about constitutional violations, with no argument or substance, are nothing more than "makeshift needles in the haystack." *McNair*, 416 F.3d at 1303. Thus, Petitioner failed to present Claim Two to the state court, and it is therefore unexhausted.

Petitioner alleged Claim Three as a "discovery issue during Det. Plaska's testimony" in his direct appeal. *See* ECF No. 12-2 at 47. Petitioner argued that the trial court erred when it found that no discovery violation occurred regarding the disclosure of Plaska's police report. *Id.* at 49. Again, Petitioner's only reference to a constitutional claim was in paraphrasing his own testimony to the trial court during Plaska's testimony, which falls short of raising a constitutional issue. *Id.* at 49 ("Appellant said he had not time to investigate it and did not know bullets were recovered and did not have time to depose the witnesses with an expert, it was a violation of rule 3.220 and the state and federal constitutions."). Thus, Petitioner failed to present Claim Three to the state court, and it is therefore unexhausted.

   2. Claims Four Through Six

The Court addresses Claims Four through Six on the merits below.

   3. Claim Ten

In Claim Ten, Sanchez seeks to attack the charging documents underlying his 2005 drug conviction, which was used as a basis for his current conviction. Petition at 34. Sanchez is no longer in custody pursuant to that conviction and, therefore, fails the "in custody" requirement for federal habeas review. 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("The question presented by this case is whether a habeas petitioner remains 'in

custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not."). "When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.'" *Id.* at 492–93. Therefore, Claim Ten must be denied for lack of subject matter jurisdiction.

    4.  <u>Conclusion As To Exhaustion</u>

In his Reply, Petitioner alleges that he "did exhaust these claims by citing to the state court the specific provision of the constitution relied on in his Habeas petition" and by "fairly presenting in his claim the substance of [his] federal claims." [ECF 14 at 1]. However, Petitioner cannot raise a constitutional claim by pleading his factual allegations. *Snowden*, 135 F.3d at 735 ("It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.") (quoting *Anderson*, 459 U.S. at 5–6).

The Eleventh Circuit has held that even where, as here, the claims are unexhausted and procedurally barred, the petitioner is entitled to federal habeas review of the claim if petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Raleigh*, 827 F.3d at 957 (quoting *Coleman*, 501 U.S. at 735 n.1). Here, Petitioner does not establish, or even allege, cause for the default, actual prejudice, or a fundamental miscarriage of justice. *See generally* Petition. His claims are, therefore, unexhausted and procedurally barred. Because Petitioner can never return to state

court to rectify this problem, his Petition is due to be denied **with prejudice** as to Claims One, Two, Three, and Ten.

The Court addresses the remaining claims below.

### III. LEGAL STANDARDS APPLICABLE TO 2254 CLAIMS

*A. Deference Under Section 2254.*

Under AEDPA, federal *habeas corpus* review of final state court decisions is "'greatly circumscribed' and 'highly deferential,'" *Ledford*, 818 F.3d at 642 (quoting *Hill v. Humphrey*, 662 F.3d 1335, 1343 (11th Cir. 2011)), and is generally limited to the record that was before the state court that adjudicated the claim on the merits. *Id.* (citing *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011)).

The federal *habeas* court is first tasked with identifying the last state court decision, if any, that adjudicated the claim on the merits. *See Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). The state court is not required to issue an opinion explaining its rationale, because even the summary rejection of a claim, without explanation, qualifies as an adjudication on the merits which warrants deference. *See Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008); *see also Wilson v. Sellers*, 584 U.S. 122, 125 (2018); *Sexton v. Beaudreaux*, 585 U.S. 961, 964–65 (2018).

Where the claim was "adjudicated on the merits" in the state forum, Section 2254(d) prohibits relitigating the claim unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;"[1] or, (2) "based on an unreasonable determination

---

[1] "[C]learly established Federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the Supreme Court at the time the state court issues its

10

of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Harrington*, 562 U.S. at 97–98; *see also Williams*, 529 U.S. at 412–13. When relying on Section 2254(d)(2), a federal court can grant relief if the state court rendered an erroneous factual determination. *Tharpe v. Warden*, 834 F.3d 1323, 1337 (11th Cir. 2016).

Because the "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court," *Burt v. Titlow*, 571 U.S. 12, 19 (2013), "[f]ederal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" *Tharpe*, 834 F.3d at 1338 (quoting *Harrington*, 562 U.S. at 102–03). This standard is intentionally difficult to meet. *Harrington*, 562 U.S. at 102.

### B. Ineffective Assistance of Trial Counsel.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to the assistance of counsel during criminal proceedings against them. *Strickland v. Washington*, 466 U.S. 668, 684–85 (1984). When assessing counsel's performance under *Strickland*, the court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

To prevail on a claim of ineffective assistance of counsel, the petitioner must demonstrate that: (1) counsel's performance was deficient, and (2) the petitioner suffered prejudice as a result of that deficiency. *Id.* at 687. To establish deficient performance, the

---

decision. *White v. Woodall*, 572 U.S. 415, 419 (2014) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

11

petitioner must show that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence and "fell below an objective standard of reasonableness." *Id*. at 687–88; *see also Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009). The court's review of counsel's performance should not focus on what is possible, prudent, or appropriate but should focus on "what is constitutionally compelled." *Burger v. Kemp*, 483 U.S. 776, 794 (1987).

Regarding the prejudice component, the Supreme Court has explained "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *Id.* at 697. Further, counsel is not ineffective for failing to raise non-meritorious issues. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001). Nor is counsel required to present every non-frivolous argument. *Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

Furthermore, a Section 2254 petitioner must provide factual support for his or her contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1332–34 (11th Cir. 2012).

## IV. DISCUSSION

With the foregoing in mind, this Court addresses each of the exhausted grounds asserted in the Petition in turn.

### A. Claim Four

In Claim Four, Sanchez alleges a Fourth Amendment violation on grounds the trial court denied his motion to suppress based on Sanchez's warrantless arrest. Petition at 18. Sanchez challenged the trial court's ruling on direct appeal [ECF No. 12-2 at 58], where his claim was considered and summarily rejected *per curiam* without opinion. *Sanchez v. State*, 358 So. 3d 419 (Fla. 4th DCA 2023).

Claim Four is not cognizable under federal habeas review. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494–95 (1976) (footnotes omitted). Thus, Claim Four must be dismissed for lack of subject matter jurisdiction.

### B. Claim Five

In Claim Five, Sanchez alleges a violation of his Sixth Amendment right to confrontation and Fifth and Fourteenth Amendment due process rights on grounds the trial court limited Petitioner's cross-examination of a witness, John Schaefer. Petition at 19. Sanchez alleges that he was unable to cross-examine Shaefer to show that the shooter wore a mask and that there was a "scuffle" prior to the shooting. *Id.*

"[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other

13

things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). Further, "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Id*. (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)). Here, Sanchez was given the opportunity to cross-examine Schaefer regarding his statements on whether the shooter wore a mask and whether there was a "scuffle" prior to the shooting. *See* Tr. at 568–69; 581; 590–92. The state court records reflect that Sanchez repeatedly attempted to improperly question Schaefer. *See id.* at 566–67. Nevertheless, after a lengthy discussion outside the presence of the jury, the trial court allowed Sanchez to further question Schaefer. *See id.* at 584–88. To the extent Sanchez seeks to raise a constitutional issue because the trial court enforced Florida evidentiary rules, Sanchez's claim must fail. The Eleventh Circuit has plainly stated that it is within the trial court's discretion to limit or circumscribe a *pro se* defendant's cross examination in order to comply with the rules of evidence. *United States v. Rodriguez*, 735 F. App'x 638, 644 (11th Cir. 2018) (considering a *pro se* defendant's allegation that the trial court violated the Confrontation Clause when it limited the cross-examination of two witnesses and holding "the court was trying to ensure that the testimony was taken in accord with the Federal Rules of Evidence and to minimize delay. This was comfortably within the district court's discretion.").

To the extent Sanchez seeks to question the trial court's ruling on state evidentiary issues, this Court lacks jurisdiction. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Sanchez challenged the trial court's ruling on direct appeal [ECF No. 12-2 at 63–67], where his claim was considered and summarily rejected *per curiam* without opinion. *Sanchez v. State*, 358 So. 3d 419 (Fla. 4th DCA 2023). The state court's rejection of this claim is not contrary to or an unreasonable application of federal constitutional principles and should not be disturbed here. *See Williams*, 529 U.S. at 413. Sanchez is, therefore, not entitled to relief under Claim Five.

### C. Claim Six

In Claim Six, Sanchez contends that the jury instructions violated his Fifth and Fourteenth Amendment due process rights. Petition at 20. The Eleventh Circuit has held that in order to merit federal habeas review, jury instructions must render the trial fundamentally unfair. *Jones v. Dugger*, 888 F.2d 1340, 1343 (11th Cir. 1989) ("[I]mproper jury instructions can never be the basis for federal habeas corpus relief unless the instruction rendered the whole trial so unfair as to amount to a denial of due process." (citation omitted)).

Sanchez challenged the trial court's ruling on direct appeal [ECF No. 12-2 at 52], where his claim was considered and summarily rejected *per curiam* without opinion. *Sanchez v. State*, 358 So. 3d 419 (Fla. 4th DCA 2023). Sanchez has not shown that the jury instructions rendered his trial fundamentally unfair or even alleged any prejudice from the instructions. Therefore, the state court's rejection of this claim is not contrary to or an unreasonable application of federal constitutional principles and should not be disturbed here. *See Williams*, 529 U.S. at 413. Sanchez is, therefore, not entitled to relief under Claim Six.

### D. Claim Seven

In Claim Seven, Sanchez claims a violation of the Sixth Amendment on grounds he was tried by a six-person jury. Petition at 21. The Supreme Court settled this exact issue over

fifty-years ago. In *Williams v. Florida*, 399 U.S. 78 (1970), the Supreme Court considered Florida's use of a six-person jury for non-capital offenses. The Court held that "petitioner's Sixth Amendment rights, as applied to the States through the Fourteenth Amendment, were not violated by Florida's decision to provide a six-man rather than a 12-man jury." *Id.* at 103. Therefore, Claim Seven is without merit and is due to be denied.

### E. Claim Eight

In Claim Eight, Sanchez claims ineffective assistance of counsel for failing to call Sanchez at the motion to suppress hearing regarding his warrantless arrest. Petition at 21. Sanchez alleges that he should have been called in order to establish standing to object to the warrantless arrest. *Id.*

In Florida, a warrant is not required if an arrest is based on probable cause. *Chaney v. State*, 956 So. 2d 535, 537 (Fla. 4th DCA 2007); *Elliot v. State*, 597 So. 2d 916 (Fla. 4th DCA 1992). "Probable cause to arrest or search exists when the totality of the facts and circumstances within an officer's knowledge sufficiently warrant a reasonable person to believe that, more likely than not, a crime has been committed." *League v. State*, 778 So. 2d 1086, 1087 (Fla. 4th DCA 2001) (citation omitted). "A finding of probable cause does not require absolute certitude." *Curtis v. State*, 748 So. 2d 370, 374 (Fla. 4th DCA 2000). Therefore, police needed probable cause, not a warrant, to properly arrest Sanchez.

Sanchez does not allege that, had he testified, the court would have found Sanchez was arrested without probable cause. Therefore, whether Sanchez could establish standing to challenge the warrantless arrest is immaterial—because no warrant was needed. Thus, Sanchez cannot show that, had he been called, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Claim Eight plainly fails under *Strickland*.

The state court's rejection of this claim is not contrary to or an unreasonable application of federal constitutional principles and should not be disturbed here. *See Williams*, 529 U.S. at 413. Therefore, this Court finds Claim Eight of the Petition to be without merit.

### F. Claim Nine

Under Claim Nine, Sanchez argues that the State committed a *Giglio* violation when it presented evidence that the victim was shot six times—in the chest, arms, back and neck—but a police report did not reflect a gunshot to the neck and listed only four gunshot wounds rather than six. Petition at 21.

"In order to prevail on a *Giglio* claim, a petitioner must establish that the prosecutor 'knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony,' and that the falsehood was material." *Tompkins v. Moore*, 193 F.3d 1327, 1339 (11th Cir. 1999) (quoting *United States v. Alzate*, 47 F.3d 1103, 1110 (11th Cir. 1995)). Further, "the suggestion that a statement may have been false is simply insufficient; the defendant must conclusively show that the statement was actually false." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1313 (11th Cir. 2005).

Here, a review of the state court records shows that Sanchez's claim is without merit. At trial, the State questioned the officer about the discrepancy in the police report:

> Q: Did he have any gunshot wound to his neck?
>
> A: Per my report no. But when I was at the hospital they were doing all of the medical care. I am not sure of the end result if they found the wound, but mine was a quick synopsis of what I initially saw.
>
> Q: How many wounds did he have to the back, sir?

>A: I never roll the victim over when they are in a trauma hospital. He was intubated. I don't roll the victim over. I don't want to dislodge any tracheal tube so I leave it as is. I take the doctor's word on what we got initially. Later down the road they will be doing surgery and things of that sort. I am not sure what's on his back, because I never rolled him over. I just photograph what I see with the bandages on his arms, the chest, the lung, tubes, and things of that sort.

Tr. at 677. Thus, the police report reflects what the officer saw when the victim was in critical condition at the hospital. However, the medical reports Sanchez included in one of his postconviction motions show that the victim suffered "multiple gunshot wounds and is now paraplegic." [ECF No. 12-3 at 21]. The reports also show that bullets were recovered from the victim's neck while he was on life support: "Bullet fragments are again seen overlying the left chest and midline neck." *Id.* at 30. The fact that further inspection revealed more gunshot wounds that were not readily apparent does not create false or perjured testimony.

The state court's rejection of this claim is not contrary to or an unreasonable application of federal constitutional principles and should not be disturbed here. *See Williams*, 529 U.S. at 413. Therefore, this Court finds Claim Nine of the Petition to be without merit.

For the above discussed reasons, this Court finds that each of the grounds for relief asserted in the Petition is due to be denied. Thus, this Court must consider whether to issue a certificate of appealability.

### V.     CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when

it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* Rules Governing § 2254 Proceedings, Rule 11(b), 28 U.S.C. § 2254.

After review of the record, this Court finds that Sanchez is not entitled to a certificate of appealability. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, a petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he or she seeks to raise. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because this Court finds that the claims raised are clearly without merit, Sanchez cannot satisfy the *Slack* test and, therefore, a certificate of appealability shall not issue as to the claims asserted in the Petition.

## VI.   CONCLUSION

For the reasons set forth above, this Court finds that the Petitioner has failed to set forth an entitlement to *habeas* relief.[2]

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254 [ECF No. 1] is **DENIED**.

2. A certificate of appealability is **DENIED**.

---

[2] Because the Court can "adequately assess [Petitioner's] claim[s] without further factual development," an evidentiary hearing is not required. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

19

3. The Clerk of Court is **INSTRUCTED to CLOSE** this case.

4. All pending motions, if any, are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at the Southern District of Florida, this 31st day of August 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: **Lorenzo Sanchez,** *Pro Se*
L58882
Florida State Prison
Inmate Mail/Parcels
7819 NW 228th Street
Raiford, FL 32026

**Jessenia J Concepcion**
Office of the Attorney General
1515 North Flagler Drive
9th Floor
West Palm Beach, FL 33401
jessenia.concepcion@myfloridalegal.com